UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL BOZA,

      Petitioner,

v.                                       Case No.: 2:26-cv-00413-SPC-DNF

MATTHEW MODRANT *et al.*,

      Respondents,
_____/

## OPINION AND ORDER

Before the Court are petitioner Miguel Boza's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Boza's reply (Doc. 7). For the below reasons, the Court grants the petition.

**A. Background**

Boza is a native of Cuba. He was paroled into the United States on August 18, 1994, and was approved as a legal permanent resident on January 9, 1997. He was ordered removed on February 27, 2003. Immigration and Customs Enforcement ("ICE") was unable to remove Boza and released him under an order of supervision after 126 days in ICE custody. Boza complied with all reporting and supervision requirements. But law enforcement arrested him during a traffic stop and handed him over to ICE on December 2, 2025.

On January 7, 2026, ICE transferred Boza to El Paso, Texas to remove him to Mexico. But on January 28, 2026, Mexico refused to accept him. ICE returned Boza to Alligator Alcatraz on February 5, 2026, and he remains detained there. Boza challenges the legality of his detention under the Due Process Clause of the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Immigration and Nationality Act ("INA").

### B. Legality of Detention

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id*. Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively

reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.* The presumptively reasonable six-month period for detention pending removal commences at the beginning of the removal period. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

The respondents argue Boza's petition is premature because his current detention has not exceeded 180 days. They assume the six-month presumptively reasonable period of detention resets each time a noncitizen is detained. That assumption is inconsistent with *Zadvydas*. It would effectively allow DHS to detain noncitizens indefinitely and avoid judicial scrutiny by releasing and re-detaining them every 180 days. As the Eleventh Circuit recognized, "[t]he Supreme Court's stated rationale for establishing a presumptively reasonable '6-month period' for detention pending removal supports our conclusion that this period commences at the beginning of the removal period." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.3 (11th Cir. 2002).

Because the six-month period for presumptively reasonable detention has expired, *Zadvydas*'s burden-shifting framework applies. Boza has carried his initial burden by showing a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. ICE itself presumably made that determination when it issued an order of supervision in 2003. The government is unable to remove Boza to Cuba, it's attempt to remove him to Mexico was unsuccessful, and it has identified no other country for removal. The burden thus shifts to the respondents, but they make no rebuttal argument in their response. In an attached declaration, a deportation officer claims ICE will try to remove Boza to Mexico again, but there is no evidence to suggest Mexico will accept him after rejecting him in January.

### C. Conclusion

The Court finds no significant likelihood Boza will be removed in the reasonably foreseeable future. He is entitled to release from detention under *Zadvydas*. If removal becomes likely in the reasonably foreseeable future, DHS can detain Boza to "assur[e] [his] presence at the moment of removal." *Zadvydas*, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

Miguel Boza Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

1. The respondents shall release Boza within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 5, 2026.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record